IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dawn Smith, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 2065 |
| PCA Acquisitions V, LLC, a/k/a Portfolio Asset Group, a Delaware limited liability company, Phillips & Cohen Associates, Ltd., a New Jersey corporation, and Creditors Interchange Receivable Management, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Dawn Smith, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Dawn Smith ("Smith"), is a citizen of the State of California, from whom Defendants attempted to collect a delinquent consumer debt owed for a Wal-Mart

credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, PCA Acquisitions V, LLC, a/k/a Portfolio Asset Group ("Portfolio"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant Portfolio was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Portfolio is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors.

6. Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant P&C was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff. Defendant Portfolio and Defendant P&C are related/sister companies which share owners, offices and employees.

7. Defendant, Creditors Interchange Receivable Management, LLC ("CIRM"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact,

Defendant CIRM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

8. Defendants Portfolio, P&C and CIRM operate nationwide delinquent debt collection businesses and attempt to collect debts from consumers in virtually every state, including consumers in the State of Illinois. To that end, Defendants Portfolio, P&C and CIRM are authorized to conduct business in the State of Illinois, and maintain registered agents within the State of Illinois. See, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants Portfolio, P&C and CIRM each conduct extensive business in Illinois.

9. Moreover, Defendants P&C and CIRM are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants P&C and CIRM each act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

10. Ms. Smith is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for a Wal-Mart credit card. At some point in time after that debt became delinquent, it was bought by Defendant Portfolio, and when Portfolio began trying to collect this debt from Ms. Smith, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

11. Specifically, Defendant Portfolio hired its sister/related company and debt collector, Defendant P&C, to demand payment of the Wal-Mart debt from Ms. Smith. Accordingly, via letter dated December 6, 2010, but not successfully faxed until

December 8, 2010, one of Ms. Smith's attorneys at LASPD informed Defendants P&C and Portfolio that Ms. Smith was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Smith was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

12. Nonetheless, despite being advised that Ms. Smith was represented by counsel and refused to pay the debt, Defendants P&C and Portfolio hired another debt collector, Defendant CIRM, to demand payment of the Wal-Mart debt, which then sent Ms. Smith a collection letter, dated December 28, 2010, demanding payment of the Wal-Mart debt. A copy of this letter is attached as Exhibit D.

13. Accordingly, on February 14, 2011, Ms. Smith's LASPD attorney faxed Defendants a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

14. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from

4

communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

18.     Here, the letters from Ms. Smith's agent, LASPD, told Defendants to cease communications and to cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

20.     Plaintiff adopts and realleges ¶¶ 1-15.

21.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

22.     Defendants knew, or readily could have known, that Ms. Smith was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Smith was represented by counsel, and had directed a cessation of communications with Ms. Smith.  By directly sending Ms. Smith a collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Dawn Smith, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Dawn Smith, demands trial by jury.

                                      Dawn Smith,

                                      By: <u>/s/ David J. Philipps</u>
                                      One of Plaintiff's Attorneys

Dated: March 25, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com