## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Dawn Smith, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Feinerman |
| | ) | |
| - vs- | ) | Case No.: 11 C 2065 |
| | ) | |
| PCA Acquisitions V, LLC, a/k/a | ) | Magistrate Judge Ashman |
| Portfolio Asset Group, a Delaware | ) | |
| limited liability company, Phillips | ) | |
| & Cohen Associates, Ltd., a New Jersey | ) | |
| Corporation, and Creditors Interchange | ) | |
| Receivable Management, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |

### PHILLIPS & COHEN ASSOCIATES, LTD.'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES defendant Phillips & Cohen Associates, Ltd. (hereinafter referred to as "PCA"), by and through undersigned counsel, and for its answer to plaintiff's complaint, states as follows:

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

**Answer:     PCA admits the allegations of ¶ 1 for jurisdictional purposes only.**

2.     Venue is proper in this District because: a) part of the acts and transactions occurred here; and b) Defendants reside and transact business here.

**Answer:     PCA denies the allegations of ¶ 2 upon information and**

**belief.**

3.     Plaintiff, Dawn Smith ("Smith"), is a citizen of the State of California, from whom Defendants attempted to collect a delinquent consumer debt owed for a Walmart credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

**Answer:     PCA admits only that it attempted to collect an account owed by Plaintiff. Except as specifically admitted, PCA denies the allegations of ¶ 3.**

4.     Defendant, PCA Acquisitions V, LLC, a/k/a Portfolio Asset Group, "(Portfolio"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  In fact, Defendant Portfolio was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

**Answer:     ¶ 4 directs no allegations at PCA and no answer is required. To the extent that an answer is required, PCA is without sufficient information to form a belief as to the truth of the allegations of ¶ 4, which has the effect of a denial.**

5.     Defendant Portfolio is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors.

**Answer:** **¶ 5 directs no allegations at PCA and no answer is required. To the extent that an answer is required, PCA is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 5, which has the effect of a denial.**

6.     Defendant Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  In fact, Defendant P&C was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.  Defendant Portfolio and Defendant P&C are related/sister companies which share owners, offices and employees.

**Answer:** **PCA admits only that it is a New Jersey Corporation, that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be regulated by certain provisions of the FDCPA, that it uses the mails and/or telephone to attempt to collect accounts, that it attempted to collect an account from plaintiff, and that some of the owners and offices of Portfolio are the same as PCA.  Except as specifically admitted, PCA denies the remaining allegations of ¶ 6.**

7.     Defendant, Creditors Interchange Receivables Management, LLC ("CIRM"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a  of the FDCPA, because it regularly uses the mails and/or the

telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant CIRM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

**Answer:** ¶ 7 **directs no allegations at PCA and no answer is required. To the extent that an answer is required, PCA is without sufficient information to form a belief as to the truth of the allegations of** ¶ 7, **which has the effect of a denial.**

8. Defendants Portfolio, P&C and CIRM operate nationwide delinquent debt collection businesses and attempt to collect debts from consumers in virtually every state, including consumers in the State of Illinois. To that end, Defendants Portfolio, P&C and CIRM are authorized to conduct business in the State of Illinois, and maintain registered agents within the State of Illinois. See, records form the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, Defendants Portfolio, P&C and CIRM each conduct extensive business in Illinois.

**Answer:** **PCA admits that it is authorized to conduct business in the state of Illinois, that it maintains a registered agent within the state of Illinois and that it attempts to collect accounts in Illinois. Except as specifically admitted, PCA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of** ¶ 8, **which has the effect of a denial.**

9.      Moreover, Defendants P&C and CIRM are each licensed as debt collection agencies in State of Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>. In fact, Defendants P&C and CIRM each act as collection agencies in Illinois.

**Answer:      PCA admits that it is licensed as a collection agency in the state of Illinois and that it attempts to collect accounts in Illinois. Except as specifically admitted, PCA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of ¶ 9, which has the effect of a denial.**

10.      Ms. Smith is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills including a consumer debt she owed for a Wal-Mart card. At some point in time after that debt became delinquent, it was bought by Defendant Portfolio, and when Portfolio began trying to collect this debt from Ms. Smith, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic program, regarding her financial difficulties and Defendants collection actions.

**Answer:      PCA admits only that it attempted to collect an account from plaintiff. Except as specifically admitted, PCA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of ¶ 10, which has the effect of a denial.**

11.      Specifically, Defendant portfolio hired its sister/related company and debt collector, Defendant P&C, to demand payment of the Wal-Mart debt from

Ms. Smith. Accordingly, via letter dated December 6, 2010, but not successfully faxed until December 8, 2010, one of Ms. Smith's attorneys at LASPD informed Defendants P&C and Portfolio that Ms. Smith was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Smith was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

**Answer: PCA admits only that it attempted to collect an account from plaintiff. Except a specifically admitted, PCA denies the remaining allegations of ¶ 11.**

12. Nonetheless, despite being advised that Ms. Smith was represented by counsel and refused to pay the debt, Defendants P&C and Portfolio hired another debt collector, Defendant CIRM, to demand payment of the Wal-Mart debt, which then sent Ms. Smith a collection letter, dated December 28, 2010, demanding payment of the Wal-Mart debt. A copy of this letter is attached as Exhibit <u>D</u>.

**Answer: PCA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of ¶ 12, which has the effect of a denial.**

13. Accordingly, on February 14, 2011, Ms. Smith's LASPD attorney faxed Defendants a letter, directing them again to cease communications and to

cease collections. Copies of these letters and fax confirmation are attached as Exhibit E.

**Answer:      PCA denies the allegations of ¶ 13.**

14.      All of Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

**Answer:      PCA is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶14, which has the effect of a denial.**

15.      Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon V. GC Services, LTD. Partnership, 27 F.3d 1254 (7th Cir. 1994).

**Answer:      Paragraph 15 directs no allegations at PCA and contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, and to the extent that plaintiff has misstated the law, PCA denies the allegations of ¶ 15.**

## COUNT I

16.      Plaintiff adopts and realleges ¶ ¶ 1-15.

**Answer:      PCA re-alleges and re-avers its answers to ¶ 1 through ¶ 15 as if set forth fully herein.**

17.      Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and

from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

**Answer:** **Paragraph 17 directs no allegations at PCA and contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, and to the extent that plaintiff has misstated the law, PCA denies the allegations of ¶ 17 and denies any violations, liability or wrongdoing under the law.**

18. Here, the letters from Ms. Smith's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

**Answer:** **PCA denies the allegations of ¶ 18.**

19. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**Answer:** **PCA denies the allegations of ¶ 19.**

## COUNT II

20. Plaintiff adopts and realleges ¶¶ 1-15.

**Answer:** **PCA re-alleges and re-avers its answers to ¶ 1 through ¶ 15 as if set forth fully herein.**

21. Section § 1692c(a)(2) of the FDCPA prohibits a debt collector from communication with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C.  §1692c(a)(2).

**Answer:     Paragraph 21 directs no allegations at PCA and contains only a conclusion of law to which no answer is required.  To the extent an answer is necessary, and to the extent that plaintiff has misstated the law, PCA denies the allegations of ¶ 21 and denies any violations, liability or wrongdoing under the law.**

22.    Defendants knew, or readily could have known, that Ms. Smith was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Smith was represented by counsel, and had directed a cessation of communications with Ms. Smith.  By directly sending Ms. Smith a collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

**Answer:     PCA denies the allegations of ¶ 22.**

23.    Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**Answer:     PCA denies the allegations of ¶ 23.**

AND NOW, in further Answer to the Complaint, Defendant Phillips & Cohen Associates, Ltd. avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim

against PCA upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event PCA is found to be a debt collector as defined in FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint are barred by the applicable statute of limitations.


WHEREFORE, Defendants Phillips & Cohen Associates, Ltd., respectfully requests that this answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's costs, pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for PCA and for all other general and equitable relief.


Respectfully submitted,

/s/ Nicole Barrett
Attorney for Phillips & Cohen Associates, Ltd.

Nicole Barrett
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP
55 West Monroe, Suite 1120
Chicago, IL 60603
Telephone:    (312) 578-0992
Facsimile:     (312) 578-0991
nbarrett@sessions-law.biz

Attorney for Phillips & Cohen Associates, Ltd.

## CERTIFICATE OF SERVICE

I certify that on this 21st day of April, 2011, a copy of the foregoing Defendant Phillips & Cohen, Ltd's Answer and Affirmative Defenses to Plaintiff's Complaint was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

David J. Philipps
Mary E. Philipps
Philipps & Philipps, Ltd.
9760 S. Roberts Road.
Suite One
Palos Hills, Illinois 60465


/s/ Nicole Barrett
Attorney for Defendant Phillips & Cohen Associates, Ltd.